IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAPS PROPERTY MANAGEMENT, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number |
| | ) | |
| CHICAGO SOUTH HOLDINGS, INC, | ) | District Judge |
| NIKOLA DURIC, and DANIEL GILJEN | ) | |
| | ) | Magistrate Judge |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff, MAPS PROPERTY MANAGEMENT, LLC, by Lance C. Ziebell, one of its attorneys, as and for its Complaint, states and alleges as follows:

**Jurisdiction and Venue**

1. Jurisdiction of this Court is based on diversity of citizenship. 28 U.S.C. 1332. There is complete diversity and the matters in controversy, exclusive of interest and costs, exceed the sum of $75,000.00.

2. Venue is proper in this District because all Defendants reside in the State of Illinois and because a substantial part of the events or omissions giving rise to the claim occurred here. 18 U.S.C. § 1391

**The Parties**

3. MAPS Property Management, LLC ("MAPS") is a limited liability company under the laws of the State of Nevada and having its principal place of business in the State of Tennessee. The sole member of Plaintiff is Manish Kharat, a resident of Tennessee.

4. Manish Kharat ("Kharat") is a member of Plaintiff and has the authority to act on

its behalf.

5. Defendant CHICAGO SOUTH HOLDINGS, INC. ("CSH") is a corporation under the laws of the State of Illinois and having its principal place of business in Chicago, Illinois.

6. Defendant Nikola Duric ("Duric") is an individual residing in this judicial district.

7. Duric was licensed as an Illinois attorney in 1985, but was disbarred from the practice of law effective May 18, 2021.

8. Duric is the Secretary of CSH.

9. Daniel Giljen ("Giljen") is an individual residing in this judicial district.

10. Giljen is Duric's longtime friend and former legal client.

11. Giljen is the President of CSH.

## Facts

12. As of August of 2021, and for years prior to that, MAPS was the owner of three parcels of real property located in Cook County, Illinois, which it utilized as a source of rental income. These properties were located at 7425 S. Kingston, 7627 S. Phillips and 7439 S. Coles Ave., Unit F, in Chicago, Illinois.

13. MAPS had maintained its ownership of these properties as an absentee landlord. Prior to his disbarment, Duric had worked as a local attorney on Plaintiff's behalf as it relates to the three rental properties.

14. MAPS experienced difficulties in overseeing the aforesaid properties as an absentee landlord and with the onset of the COVID-19 pandemic. In or about the spring of 2021, MAPS became interested in selling the three rental properties and thus resolving the quandary of absentee ownership.

15. MAPS, through Kharat, conveyed its interest in selling the properties to Duric, its attorney.

16. In or about June of 2021, Duric informed Kharat, acting on behalf of MAPS, that Giljen was interested in acquiring MAPS' three rental properties in Chicago, Illinois.

17. Duric and Giljen proposed to Kharat, acting on MAPS' behalf, that MAPS sell the three rental properties to their company, CSH, and hold the mortgage on the three rental properties.

18. Kharat, acting on behalf of MAPS, made a counter-proposal, offering to enter into a Mortgage for the conveyance of the three rentals properties, to be secured by a promissory note.

19. Duric and Giljen, acting on CSH's behalf, agreed to MAPS' counter-proposal, with Duric acting as MAPS' attorney.

20. What Duric and Giljen did not tell Kharat, acting on behalf of MAPS, is they were conspiring together to obtain title to the properties, not record MAPS' mortgage, and re-mortgage the rental properties to take cash out through CSH for their own personal benefit.

21. The initial down payment was supposed to be $100,000 but the Parties later agreed to reduce the down payment to $25,000 in exchange for CSH providing deeds in lieu of foreclosure for the three rental properties.

22. On August 13, 2021, the parties finalized the details of their agreement for the purchase and financing of MAPS' three rental properties and reduced their agreement to writing. *See Agreement between MAPS Property Management, LLC and Chicago South Holdings, Inc., attached hereto as Exhibit A*.

23. The closing of the sale took place on or about September 3, 2021, at the law

offices of Duric.

24. CSH executed a Mortgage that secured a Promissory Note at the closing. *See Mortgage, attached hereto as Exhibit B*.

25. On August 13, 2021, CSH entered into a Promissory Note with MAPS in the principal amount of $775,000.00 (the "Note"), which was secured by the Mortgage. *See Note, attached hereto as Exhibit C*.

26. The Note provides that CSH would begin making monthly payments on September 1, 2021 as follows: twelve (12) monthly payments of $3,875.00 and one (1) final payment of the remaining Note balance due on August 22, 2022, which represented all principal and accrued interest not yet paid. *Id., p. 1, "Payment Terms" section*.

27. Interest on the Note was to be calculated on the outstanding principal balance on a 365/360 basis, at an interest rate of six percent (6%). *Id*.

28. The Note called for a late penalty of 5% of any payment paid more than 10 days past its due date. *Id*.

29. The Note provides that in the event of a default, CSH must pay a Default Interest Rate of eleven percent (11%), which is 5% more than the Note rate. *Id., "Default Interest" section*.

30. The Note provides that, among other things, failure to pay any payment on its due date constitutes an Event of Default. *Id., p. 1 "Default and Acceleration" section*.

31. The Note provides that upon the occurrence of an Event of Default, MAPS may declare the entire unpaid principal balance and all accrued unpaid interest immediately due, and CSH must pay that amount. *Id., p. 12 "Default and Acceleration" section*.

32. At the conclusion of the closing, Duric assured Kharat, acting on behalf of MAPS,

that he would dutifully record the Mortgage as Kharat was returning to Tennessee.

33. However, Duric, in furtherance of his conspiracy with Giljen, had no intention of recording the Mortgage, and did not, in fact, record the Mortgage.

34. At first, CSH made timely payments under the Note and Mortgage.

35. CSH's March and April payments were returned for insufficient funds, at which time, Kharat, acting on behalf of MAPS, demanded CSH reissue those checks.

36. CSH reissued the checks and made a few more payments after the demand.

37. However, CSH failed to make the August 1, 2022, payment called for under the Note and when the balance under the Note came due on August 18, 2022, CSH failed to pay the balance.

38. When CSH failed to respond to demands by MAPS to pay the mortgage in full, Kharat, acting on behalf of MAPS, investigated the title history for the three mortgaged rental properties.

39. Kharat learned Duric, contrary to his promise, but in accordance with his conspiracy with Giljen, never recorded the mortgage he assured would be recorded.

40. Kharat also discovered CSH had entered into a first mortgage in favor of Whisper Capital, LLC ("Whisper"), in the amount of $484,250.00 and which covered two of the rental properties. *See Mortgage attached hereto as Exhibit D*.

41. Due to Duric's failure to record the mortgage granted in favor of MAPS, Whisper's mortgage appears on title as a first mortgage, but is in fact inferior to MAPS' Mortgage and is only prior in time due to Duric's failure to record the mortgage granted in favor of MAPS as he had promised.

42. On October 27, 2022, counsel for MAPS sent a default letter to CSH declaring it to be in default of the Note. *See Default Letter, attached hereto as Exhibit E.*

43. MAPS recorded its Mortgage against the three rental properties on November 1, 2022. *See Mortgage attached hereto as Exhibit F.*

44. At the time of the filing of this Complaint and despite repeated demands for payment, CSH has failed to make the outstanding payments due on the Note. On this independent basis, CSH is in default of the Note.

45. Additionally, CSH failed to make the final payment due under the Note on August 18, 2022, thus constituting an additional Event of Default under the Note.

## COUNT I
**(Breach of Note Against CSH)**

46. MAPS incorporates and re-alleges by reference Paragraphs 1 through 45 as Paragraph 46 of Count I as though fully set forth herein.

47. MAPS has performed its obligations under the terms of the Note.

48. MAPS has never assigned, transferred, or hypothecated the Note and remains the due and lawful holder thereof.

49. CSH defaulted under the terms of the Note by failing to pay all outstanding payments due.

50. CSH defaulted on the Note in August of 2022 when it failed to make the monthly payment due on August 1, 2022 and further defaulted on August 18, 2022, when it failed to pay all indebtedness then due representing final and full payment under the Note.

51. Pursuant to the Note, MAPS is entitled to be compensated for all costs and expenses, including attorneys' fees and court costs, in enforcing the Note. *See the Note, p. 2 "Default and Acceleration" section, attached hereto as Exhibit C.*

52. The aggregate total unpaid principal balance and accrued interest due and owing to MAPS from CSH pursuant to the terms of the Note (exclusive of additional attorneys' fees, costs, and additional per diem interest which continues to accrue) as of November 14, 2022 is $811,401.12, consisting of the principal amount of $775,000.00, accrued and default interest of $35,819.87, and late charges of $581.25.

NOW, WHEREFORE, the Plaintiff, MAPS PROPERTY MANAGEMENT, LLC, prays that this Court enter judgment in its favor and against the Defendant, CHICAGO SOUTH HOLDINGS, INC., in the amount of $811,401.12, plus additional per diem interest, costs, and attorneys' fees, and for such other and further relief as this Court deems just and proper.

### COUNT II
**(Fraud Against Duric)**

53. MAPS reallages and incorporates by reference Paragraphs 1 through 33 as Paragraph 53 of Count II as though fully set forth herein.

54. Duric's statement he would immediately file MAPS' Mortgage was a false statement of material fact.

55. Durick knew at the time he made the aforementioned statement that it was false.

56. Duric intended for Kharat, acting on behalf of MAPS, to close on the three rental properties based upon his false statement of material fact.

57. Kharat, acting on behalf of MAPS, relied upon the truth of Duric's statement in closing on the three rental properties.

58. MAPS has been damaged in the amount of $484,250.00 as a result of its reliance on Duric's false statements of material fact.

NOW, WHEREFORE, the Plaintiff, MAPS PROPERTY MANAGEMENT, LLC, prays that this Court enter judgment in its favor and against the Defendant, NIKOLA DURIC, in the

sum of $484,250.00 plus costs of this suit, attorneys fees, and for such other and further relief as this Court deems just and proper.

## COUNT III
**(Civil Conspiracy Against Duric and Giljen)**

59. MAPS incorporates by reference Paragraphs 1 through 33 as Paragraph 59 of Count III as though fully set forth herein.

60. The agreement to purchase the rental properties, finance them through MAPS, have MAPS hold the Mortgage for the rental properties, but then fail to record the Mortgage so they could benefit through their association with CSH constitutes an agreement by and between two or more persons.

61. The agreement between Duric and Giljen was for the purposes of accomplishing, by concerted action, either an unlawful purpose or a lawful purpose by unlawful means.

62. In furtherance of their conspiracy, Duric represented to Kharat, acting on behalf of MAPS, he would record the Mortgage so MAPS' security interest in the rental properties was protected.

63. In furtherance of their conspiracy, Duric did not record the Mortgage as he promised Kharat, acting on behalf of MAPS, he would do.

64. As a result of the civil conspiracy by and between Duric and Giljen, MAPS has suffered damages in the amount of $484,250.00.

NOW, WHEREFORE, the Plaintiff, MAPS PROPERTY MANAGEMENT, LLC, prays that this Court enter judgment in its favor and against the Defendants, NIKOLA DURIC and DANIEL GILJEN, in the sum of $484,250.00 plus costs of this suit, attorneys fees, and for such other and further relief as this Court deems just and proper.

        Respectfully submitted,
        MAPS Property Management, LLC


By: <u>/s/ Lance C. Ziebell</u>
    One of its attorneys

Lance C. Ziebell – 6298037
Lavelle Law, Ltd.
Suite 600
1933 North Meacham Road
Schaumburg, Illinois 60173
Phone: 847-705-7555
Email: lziebell@lavellelaw.com
S:\16501-16750\16558\Pleadings\complaint.docx