**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MAPS PROPERTY MANAGEMENT, LLC, ) ) ) Plaintiff, ) ) v. ) ) CHICAGO SOUTH HOLDINGS, INC., ) NIKOLA DURIC, and DANIEL GILJEN, ) ) Defendants. ) ) | Case No. 1:22-cv-06373 Honorable Matthew F. Kennelly |

## DEFENDANTS' MOTION TO ENFORCE SETTLEMENT

Chicago South Holdings, Inc. and Daniel Giljen, through their attorney, Adrian Vuckovich of Collins Bargione and Vuckovich, moves this Honorable Court to Enforce the Parties Agreed Settlement Agreement, and in support thereof respectfully states as follows:

1. On June 13, 2023, a Joint Status Report was filed in which it was stated, the attorneys for the litigants had a conference call and all outstanding issues in the settlement agreement were resolved. The last two sentences of the Joint Status Report read: "On June 9, 2023, counsel for Plaintiff circulated clean and redlined versions of a proposed final settlement agreement resolving all claims between the Parties. Counsel for Plaintiff is awaiting responses for Defendants' counsels regarding this proposed final settlement agreement." *See* Document 49, P. 2.

2. On June 8, 2023, Counsel for Plaintiff sent the Final Settlement Agreement. **Exhibit A**, attached hereto and incorporated herein by reference.

1

3. On June 13, 2023, Attorney Lessmeister tendered Mr. Duric's signature to the settlement agreement that Plaintiff's counsel sent with no changes. **Exhibit B**, attached hereto and incorporated herein by reference.

4. On June 13, 2023, Attorney Vuckovich tendered Chicago South Holdings, Inc. and Daniel Giljen's signatures to the settlement agreement that Plaintiff's counsel sent with no changes. **Exhibit C**, attached hereto and incorporated herein by reference.

5. Both Messrs. Lessmeister and Vuckovich's email along with the signed settlement agreements in essence said the case settled and Mr. Vuckovich asked that Plaintiff's counsel submit a dismissal order. See **Exhibit B** and **C**.

6. In response to Mr. Lessmeister's June 13, 2023 email, Plaintiff's counsel stated on June 14, 2023, "…I will stay on him to get a signed version back to me so we can get this closed out." **Exhibit D**, attached hereto and incorporated herein by reference.

7. On June 14, 2023, on behalf of Defendant Duric, Attorney Lessmeister suggested submitting a Supplemental Joint Status Report. On Friday, June 16, 2023, Plaintiff's Counsel responded, "I am just getting to this as I am out of town-I suppose it is moot now-I will get you the signed agreement as soon as I can and then we can dismiss this. Thanks." **Group Exhibit E,** attached hereto and incorporated herein by reference.

8. The settlement agreement prepared by Plaintiff's counsel requires that Defendants Giljen and CSH execute deeds and mortgages in favor of Plaintiff. These documents were executed by Defendants. Copies of the executed documents were sent to Plaintiff's lawyer. On June 15, 2023, counsel for CSH and Giljen requested where he should send the originals, to Plaintiff or his lawyer? **Exhibit F.** No answer other than a statement that Plaintiff will let Defendant know.

9. On June 20, 2023, Attorney Vuckovich sent an email to Plaintiff's Counsel articulating his frustration that a week had passed and it was time for Plaintiff to execute. On June 21, 2023, Plaintiff's Counsel responded, "Working on it-he is difficult sometimes…" **Group Exhibit G,** attached hereto and incorporated herein by reference.

10. Plaintiff has refused to execute the settlement agreement. This settlement, authored by his lawyer after negotiations, and executed by Defendants must be enforced.

11. "[A]n offer creates a power of acceptance in the offeree." 1 Corbin on Contracts, § 11, pgs. 24-25.

12. "After an offer is made, a voluntary expression of assent by the offeree is all that is necessary to create what we call contract. This is what is meant, and it is all that is meant, by saying that an offer creates a power of acceptance in the offeree. The exercise of this power by the offeree will create a new and very important change in the legal relations of the parties. But the power to bring about this important change by the act of acceptance is itself an important juristic fact, and it is the legal result of the offer standing quite alone." *McCarty v. Verson Allsteel Press Co.*, 89 Ill. App. 3d 498, 507 (1st Dist. 1980), quoting *1 Corbin on Contracts,* section 11, at 24-25.

13. The mirror image rule is a "basic rule of contract formation *** requiring that the acceptance strictly comply with the terms set forth in the offer." *Hubble v. O'Connor*, 291 Ill. App. 3d 974, 980 (1st Dist. 1997).

14. That is what happened here. The Plaintiff's settlement agreement was accepted with no changes.

15. Now, Plaintiff refuses to sign. The parties reached a settlement and there is no reason not to follow through with the settlement, for "it seems contradictory to allow one litigant

to hold the others hostage to its own intransigence." *Doellman v. Warner & Swasey Co.,* 147 Ill.App.3d 842, 851 (1st Dist., 1986). "A party refusing to settle a case on agreed terms…always risks that he will be exposed to enhanced liability by that refusal." *Id.* at 849-50.

16. "Settlements are to be encouraged and given full force and effect. They should not be set aside absent a showing of fraud or mistake. Such agreements are recognized by the courts where they are based on sufficient consideration and the parties have met on equal terms….The law is clear that counsel may bind his principal to a settlement agreement." *Sheffield Poly-Glaz, Inc. v. Humboldt Glass Co.,* 42 Ill.App.3d 865, 868-869 (1st Dist., 1976)(internal citations omitted).

17. This Court has the inherent authority to enforce settlement agreements made by the parties in cases pending before the Court. *Breidecker v. Garnett Woods Prods. Co.,* 2023 U.S. Dist. LEXIS 84099, * 7 (S.D. IL. 2023).

18. We ask that the Settlement Agreement be enforced as articulated in the Agreement, as drafted by Plaintiff's counsel and that all the Defendants signed.

19. Defendant Duric joins in this motion.

WHEREFORE, Defendants Chicago South Holdings, Inc. and Daniel Giljen pray that this Honorable Court enforce the Settlement Agreement based on the terms in the Agreement the Defendants signed that Plaintiff had tendered and for all other relief that is just and proper.

Respectfully Submitted,

/s/ Adrian Vuckovich
Attorney for Defendants Giljen
And Chicago South Holdings, Inc.

Adrian Vuckovich (av@cb-law.com)
Collins Bargione & Vuckovich
1 N. LaSalle Street, #300
Chicago, IL 60602
Telephone: 312-372-7813

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2023, I caused the appended document to be served via CM/ECF, the Court's electronic notification system, upon all counsel of record, including:

Lance C. Ziebell
Lavelle Law, Ltd.
1933 N. Meacham Road
Suite 600
Schaumburg, IL 60173
Telephone: 847-705-7555
lziebell@lavellelaw.com

James J. Lessmeister
Lessmeister & Samad PLLC
10 S. LaSalle St. Suite 2510
Chicago, IL 60603
Office: 312-929-2630
Cell: 312-351-4620
ARDC #6276625
jlessmeister@lessmeisterlaw.com

By: /s/ Adrian Vuckovich

5