**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MAPS PROPERTY MANAGEMENT, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 1:22-cv-06373 |
| | ) | |
| CHICAGO SOUTH HOLDINGS, INC, | ) | Honorable Matthew F. Kennelly |
| NIKOLA DURIC, and DANIEL GILJEN | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO ENFORCE
SETTLEMENT**

NOW COMES the Plaintiff, MAPS PROPERTY MANAGEMENT, LLC, by and

through its attorneys, Lavelle Law, Ltd., and for its Response to the Defendants', DANIEL

GILJEN and CHICAGO SOUTH HOLDINGS, INC.'s Motion to Enforce Settlement, responds

as follows:

**Introduction**

As set forth in Defendants' Motion to Enforce Settlement, counsel for Plaintiff and

Defendants have long been engaged in settlement discussions to resolve this matter. The Parties

had agreed in principal to resolve the matter, right up until Plaintiff became aware the properties

that are the subject of Plaintiff's Amended Complaint were in foreclosure, meaning Defendants

were in default of the proposed Settlement Agreement before they even signed it. However, this

was not a fact disclosed to Plaintiff or its counsel and should prevent this Court from enforcing

the proposed Settlement Agreement.

## General Principles of Law

"State contract law governs issues concerning the formation, construction, and enforcement of settlement agreements." *Beverly v. Abbott Laboratories*, 817 F.3d 328, 333 (7th Cir. 2016) (internal citations omitted). "Under Illinois law, the existence of a valid and enforceable contract is a question of law when the basic facts are not in dispute." *Id*. (internal citations omitted). "A settlement agreement is enforceable if there was a meeting of the minds or mutual assent to all material terms." *Id* (internal citations omitted). "Material terms are sufficiently definite and certain when they enable a court to ascertain what the parties agreed to do." *Id*. (internal citations omitted).

"A settlement agreement . . . is a contract, and thus its construction and enforcement are governed by basic contract principles, the most fundamental of which is that 'the primary object in construing a contract is to give effect to the intention of the parties involved.'" *Wells Fargo Funding v. Draper & Kramer Mortg. Corp.*, 608 F.Supp.2d 981, 985 (N.D. Ill. 2009). "Contracts, it must not be forgotten, are not interpreted in a vacuum." *Id*. at 989. "A court must place itself in the position of the parties." *Id*. at 989-990. "Thus, when interpreting a contract, a court may look to the circumstances surrounding the transaction in order to discern the parties' intent." *Id*. at 990.

"A court may rescind an otherwise enforceable settlement agreement if it is demonstrated that there was collusion, fraud, mutual mistake, or tortious or wrongful conduct in procuring the settlement." *Allstate Financial Corp. v. Utility Trailer of Illinois, Inc.*, 936 F.Supp. 525, 528 (N.D. Ill. 1996). "To rescind a settlement agreement on the basis of fraud or misrepresentation, the party seeking rescission must show both misrepresentation of a material fact and its reliance upon such misrepresentation." *Id*. at 528-29.

2

**Argument**

As set forth in the Settlement Agreement, "The purpose of the terms set forth below in this Agreement is to provide for the payment and release of the Whisper mortgage which was recorded against the Real Estate and to secure the obligation with two other parcels of real estate, which will be conveyed to MAPS and Kharat in the event of default." *See Paragraph 2 of the Settlement Agreement, attached hereto as Exhibit A.* The Settlement Agreement continued, "CSH shall pay off in full the total outstanding obligation owed to Whisper ($484,250.00 less any payments previously made) on or before December 15, 2023 . . . . *CSH shall continue to make all payments on the Whisper mortgage until such time as it is paid in full* and any default under the Whisper Mortgage shall constitute a default of this Agreement and permit MAPS to record the quit claim deeds referenced in Paragraph 4 herein." *Id*. at Paragraph 4 (emphasis added).

On June 21, 2023, counsel for Plaintiff became aware a foreclosure lawsuit had been filed on the Whisper Mortgage. *See Complaint for Foreclosure and Other Relief, attached hereto as Exhibit B*. According to the Complaint for Foreclosure and Other Relief, Defendants have been in default of the Whisper Mortgage and Note since February of 2023. *Id*. at Paragraph 3(l).[1]

At no time while counsels for Plaintiff and Defendants were negotiating the Settlement Agreement did Defendants or their counsel make Plaintiff or its counsel aware the Whisper Mortgage was already in default and a foreclosure was pending. It is inconceivable Defendants were not aware the Whisper Mortgage was in default, and had been, since February of 2023. Defendants either did not convey this information to their counsel, or they did convey it and their

---

[1] The date referenced in the Complaint for Foreclosure and Other Relief references the note and mortgage being in default since February 24, 2022, but this appears to be a scrivener's error based on the note and mortgage attached to the Complaint for Foreclosure and Other Relief that make it evident a balloon payment was due February 24, 2023.

counsel did not make Plaintiff and its counsel aware of this critical fact. In either event, Defendants' Motion to Enforce Settlement is potentially sanctionable under Rule 11 of the Federal Rules of Civil Procedure and should this Court deny Defendants' Motion, Plaintiff anticipates moving for such sanctions.

In any event, Defendants signed a Settlement Agreement stating they would continue to make all payments on the Whisper Mortgage until it is paid in full, all while knowing the Whisper Mortgage was already in default. Defendants executing the Settlement Agreement under these conditions warrants this Court denying Defendants' Motion to Enforce Settlement.

"The elements of a claim for fraudulent misrepresentation, also referred to as common law fraud, are: (1) a false statement or omission of material fact; (2) knowledge or belief of the falsity by the party making it; (3) intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statements; and (5) damage to the other party resulting from such reliance." *PharMerica Chicago, Inc. v. Meisels*, 772 F. Supp. 2d 938, 957 (N.D. Ill. 2011). "An alleged misrepresentation by omission will only void a contract when the omitting party 'knows that disclosure of the fact would correct a mistake of the other party as to a basic assumption on which the party is making the contract.'" *Billhartz v. C.I.R.*, 794 F.3d 794, 800 (7th Cir. 2015).

Here, Defendants either blatantly lied about the status of the Whisper Mortgage or omitted the material fact it was in default by executing a Settlement Agreement wherein they agreed to make all payments on the Whisper Mortgage. As noted herein, it is inconceivable Defendants were not aware the Whisper Mortgage was in default as it had been in default for some four months at the time Defendants executed the Settlement Agreement. Defendants executed the Settlement Agreement hoping to induce Plaintiff to sign the same. Here,

4

fortunately, Plaintiff became aware of Defendants' fraud prior to signing the Settlement Agreement, thus potentially sparing himself damages.

Alternatively, "A contract can be voided under the doctrine of mutual mistake if, at the time the contract was made, both parties were mistaken 'as to a basic assumption on which the contract was made,' and the mistake 'has a material effect on the agreed exchange of performances." *Billhartz v. C.I.R.*, 794 F.3d 794, 799 (7th Cir. 2015) (internal citations omitted). "Where both parties are mistaken at the time of contracting about an assumption basic to the contract's formation and that mistake has a material effect on the parties' performance, the contract is subject to recission by the adversely affected party unless he bears the risk of mistake." *McPherson v. ACCO USA, Inc.*, 1997 WL 598138 at *2 (N.D. Ill. 1997).

While Plaintiff maintains Defendants had to be aware the Whisper Mortgage was in default, there remains a remote possibility Defendants were, somehow, unaware the Whisper Mortgage was not in default. If that is the case, then both parties were, at the time the Settlement Agreement was drafted, acting under the mutual mistake the Whisper Mortgage was in good standing when it was not. This mutual mistake drastically changed the performance of the parties as Defendants could not continue to pay the Whisper Mortgage until it was paid in full and, correspondingly, Plaintiff could not perform by dismissing this litigation. Under such circumstances, courts have invalidated settlement agreements and reinstated cases. *See, e.g., McPherson v. ACCO USA, Inc.*, 1997 WL 598138 at *3 (holding, "In light of the parties' agreement that the settlement was predicated on a mutual mistake of fact which materially alters the contemplated performance of the parties, the Court grants the Plaintiff's motion to rescind the settlement agreement, vacate the dismissal order of February 13, 1996 and reinstate her case.")

Finally, "Under Illinois law, a showing of bad faith is also grounds for invalidating a settlement agreement." *Allstate Financial Corp.*, 936 F.Supp. at 529. Here, if this Court finds Defendants were aware the Whisper Mortgage was in default when they executed the Settlement Agreement, it is clear they were acting in bad faith. Under such circumstances, this Court should invalidate the proposed Settlement Agreement.

Under any of the aforementioned theories, this Court should deny Defendants' Motion to Enforce Settlement. The purpose of the Settlement Agreement was for Defendants to pay off the Whisper Mortgage themselves by December 15, 2023, and if, and only if, they were unable to do so was Plaintiff to obtain title to other parcels it would be forced to sell to satisfy the Whisper Mortgage. Defendants promised to keep making payments on the Whisper Mortgage to effectuate this purpose, all the while knowing, or less likely, unknowing, this was an empty promise because the Whisper Mortgage was already in default. In any event, Defendants should not be allowed to defeat the purpose of the Settlement Agreement, force Plaintiff to defend a foreclosure action, and have the Settlement Agreement enforced when they were already in default of one of the material terms of the Settlement Agreement.

## <u>Conclusion</u>

NOW, WHEREFORE, the Plaintiff, MAPS PROPERTY MANAGEMENT, LLC, prays that this Court enter an Order denying the Defendants, DANIEL GILJEN and CHICAGO SOUTH HOLDINGS, INC.'s, Motion to Enforce Settlement, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,
MAPS Property Management, LLC

/s/ Lance C. Ziebell
By: one of its attorneys

6

Lance C. Ziebell – 6298037
Lavelle Law, Ltd.
Suite 600
1933 North Meacham Road
Schaumburg, Illinois 60173
Phone:  847-705-7555
Email: lziebell@lavellelaw.com
S:\16501-16750\16558\Pleadings\response.motion.enforce.docx