**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MAPS PROPERTY MANAGEMENT, LLC, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:22-cv-06373 |
| CHICAGO SOUTH HOLDINGS, INC., NIKOLA DURIC, and DANIEL GILJEN, | ) ) ) ) | Honorable Jeremy C. Daniel |
| Defendants. | ) ) | |

**DEFENDANT NIKOLA DURIC'S MOTION TO DISMISS THE COMPLAINT
AND, IN THE ALTERNATIVE,
DISQUALIFY ANTHONY KLYTTA AS PLAINTIFF'S COUNSEL**

Nikola Duric, through his attorney James J. Lessmeister of Lessmeister & Samad, PLLC, motions this Honorable Court to Dismiss Plaintiff's Complaint, and, in the alternative, Disqualify Plaintiff's Counsel Anthony Klytta, for these reasons:

**MOTION TO DISMISS FOR FAILURE TO APPEAR.**

1.      The Plaintiff initiated this lawsuit asserting diversity jurisdiction; thus asserting a privilege but not a right for there is no federal question. Thereafter, Plaintiff refused to effectuate settlement by refusing to execute upon the terms of the agreed upon settlement.

2.      Plaintiff's original counsel, Lance Ziebell, then filed a motion to withdraw as Plaintiff's attorney, and the Court granted his motion to withdraw on February 1, 2024.

3.     This Honorable Court ordered on February 1, 2024, "Telephone status hearing is set for 2/20/2023 at 9:30 a.m. A representative for MAPS Property Management is ordered to appear before the Court. Failure to appear may result in the dismissal of the Plaintiff's claims for want of prosecution." Document 65, Court Order, 2.1.24.

4.     On February 20, 2024, at the telephone status hearing, attorney Anthony Klytta was on the telephone conference and stated that he was representing MAPS Property Management, LLC.

5.     On February 20, 2024, the Honorable Court set an evidentiary hearing on the Motion to Enforce the Settlement for April 4, 2024 along with deadlines for disclosure of exhibits and witnesses prior to the hearing. Document 66, Court Order 2.20.24.  However, as of the date of this motion, Thursday, March 21, 2024, no attorney has entered an appearance for MAPS Property Management, LLC. **Exhibit A**, Docket entries.

6.     "A corporation cannot appear in federal court unless it is represented by a licensed attorney. This is not a matter of discretion with this Court and has been well settled law for nearly two centuries." *Fam. Christian World, Inc. v. Phila. Ins. Co.,* 2023 U.S. Dist. LEXIS 131909 *3 (Dist. Ct. N.D. IN July 28, 2023) (internal citations omitted).

7.     Plaintiff alleges in their Amended Complaint that MAPS Property Management, LLC is a Nevada Limited Liability Company, and that Manish

Kharat is the sole member. Document 18, Amended Complaint, Paragraphs 3 and 4.

8.    The Seventh Circuit has opined that, "there is no difference between a corporation and a limited liability company" and they cannot appear *pro se*. *United States v. Hagerman*, 545 F.3d 579, 582 (7th Cir. 2008).  A Limited Liability Company with only one member is no exception and must be represented by counsel. *Hagerman,* 545 F.3d at 581; *see also Austin v. Cook Cnty,* 2022 U.S. Dist. LEXIS 171475 *7-8 (N.D. Ill. 2022).

9.    "Pro se litigation is a burden on the judiciary, and the burden is not to be borne when the litigant has chosen to do business in entity form. He must take the burdens with the benefits." *Hagerman*, 545 F.3d at 582 (internal citations omitted).

10.    The Plaintiff LLC has not had an attorney appearance since February 1, 2024, and this lawsuit should be dismissed for Plaintiff's failure to have counsel enter an appearance. Additionally, 30 days after the February 20, 2024 hearing, there continues to be no appearance. The deadlines set to disclose witnesses and exhibits is March 28, 2024. That date is now 6 days away. Thus, for these reasons, Defendant submits that this lawsuit warrants dismissal.

WHEREFORE, Defendant Nikola Duric prays that this Honorable Court dismiss the Plaintiff's lawsuit and for all other relief that is just and proper.

**MOTION TO DISQUALIFY ANTHONY KLYTTA AS PLAINTIFF'S COUNSEL.**

11.    Over a year ago, on February 23, 2023, Nikola Duric made his F.R.Civ.P. 26(a) disclosures. **Exhibit B**, attached hereto and incorporated herein by reference. Mr. Duric disclosed both brothers John Klytta and Anthony Klytta of Klytta and Klytta would be witnesses in this lawsuit.

12.    Additionally, Klytta and Klytta served as Nikola Duric's attorneys and provided legal representation to him.

13.    During the February 20, 2024 Telephonic Court Hearing, Anthony Klytta appeared on behalf of the Plaintiff MAPS Property Management, LLC.

14.    For the reasons stated in the Affidavit of Nikola Duric, there exists a conflict of interest. **Exhibit C**, attached hereto and incorporated herein by reference.

15.    Rule 3.7 of the Illinois Rules of Professional Conduct, prohibits a lawyer from acting as an "advocate a[t] trial in which lawyer is likely to be a necessary witness unless:  (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client." *See* RPC 3.7.

16.    Applying RPC 3.7, the testimony is not for an uncontested matter for if the settlement is not enforced this matter will proceed to litigation. The testimony is not regarding the value of legal services provided. Finally, there is no substantial hardship to the Plaintiff on the disqualification of Anthony Klytta. It is inexplicable of all the lawyers in the Chicagoland area that Plaintiff elected

to hire someone who was listed as a witness over a year ago in this litigation, and who was Mr. Duric's attorney as well.

17.     In *Wheat v. U.S.*, 486 U.S. 153 (1988), the Supreme Court held that a trial court may disqualify counsel "when it has reason to find an actual conflict of interest, but also when there is a showing of 'serious potential for conflict.' *Wheat v. U.S.,* 486 U.S. 153, 164, (1988). *See also People of the State of Illinois v. Holmes,* 141 Ill.2d 204, 228, (Ill. 1009) (where the Illinois Supreme Court followed *Wheat* to hold that the trial court acted within its discretion in disqualifying defense counsel when defendant's right to counsel of choice "was overcome by a showing of a serious potential for conflict.") *Id.*

18.     The law says that the right to counsel of choice is not absolute and is "circumscribed in several respects, which may include the disqualification of chosen counsel in the event of a conflict of interest." *See People v. Rivera*, People v. Rivera, 2013 IL 112467, ¶ 35; 986 N.E.2d 634, 646 (Ill. 2013), reh'g denied (Mar. 25, 2013), cert. denied sub nom. *Rivera v. Illinois*, 134 S. Ct. 201 (2013); See also *People v. Holmes,* 141 Ill.2d 204, 217, 152 Ill.Dec. 268, 565 N.E.2d 950 (1990) (citing *Wheat v. United States,* 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988)).  In *Rivera*, the Court disqualified the Defendant's counsel as the attorney was also listed as the Defendant's witness and ruled that his testimony as to material issues prohibited him from both representing defendant and acting as a witness in the same proceeding.

19.     Pursuant to RPC 1.7, a lawyer "shall not represent a client if the representation involves a concurrent conflict of interest." "Generally, the use of

the word 'shall' is regarded as indicative of a mandatory intent." *Grossman v. Gebarowski,* 315 Ill.App.3d 213, 221 (1st Dist., 2000) (citation omitted) (The First District held use of the word 'shall' in Supreme Court Rule 234 indicated the word was to be mandatory). The Rules of Professional Conduct govern all lawyers in Illinois. See *Holstein v. Grossman,* 246 Ill.App.3d 719-727 (1st Dist. 1993). The Rules of Professional Conduct, part of the Supreme Court Rules, have the force of law and embody the public policy of this State. *In re Newton,* 955 N.E.2d 572, 588 (1st Dist. 2011). The Supreme Court Rules should be followed; they are not suggestions, nor are they aspirational. *Id.*

20.    RPC 1.7 states that a concurrent conflict of interest exists if the representation of one client will be directly adverse to another client or there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to a former client. *See* 1.7(a)(1)(2).

21.    Attorney Anthony Klytta never sought Mr. Duric's consent. Regardless this situation is one that is nonconsentable. *See* 1.7(b)(3) in which representing a client in a litigation that involves a former client. See Prohibitive Comment 17 of RPC 1.7 that states, "Paragraph (b)(3) describes conflicts that are nonconsentable because of the institutional interest in vigorous development of each client's position when the clients are aligned directly against each other in the same litigation or other proceeding before a tribunal. Whether clients are aligned directly against each other within the meaning of this paragraph requires examination of the context of the proceeding."

22.    As outlined in Mr. Duric's affidavit he had several discussions with John Klytta and Anthony Klytta regarding Manish Kharat and his affiliated companies, including MAPS Property Management, LLC, the Plaintiff in this case. **Exhibit C**.

23.    To allow attorney Anthony Klytta to appear as Plaintiff's counsel would place attorney Anthony Klytta in the unenviable position of having to choose loyalties to two clients. The duality of such cannot be reconciled. Therefore, we respectfully request that Anthony Klytta be disqualified as attorney for Plaintiff.

WHEREFORE, Defendant Nikola Duric prays that this Honorable Court enter an order disqualifying Attorney Anthony Klytta from representing the Plaintiff in this case and grant any other relief that is just and proper.

Respectfully Submitted,

s/*James J. Lessmeister*

James J. Lessmeister
Lessmeister & Samad PLLC
10 S. LaSalle St. Suite 2510
Chicago, IL 60603
ARDC #6276625
jlessmeister@lessmeisterlaw.com
Office: 312-929-2630
Cell: 312-351-4620

*Attorney for Nikola Duric*

## CERTIFICATE OF SERVICE

I, James J. Lessmeister, hereby certify that the following counsel of record who are deemed to have consented to electronic service are being served with a copy of Defendant Nikola Duric's Motion to Dismiss the Complaint and, in the

alternative, Disqualify Anthony Klytta as Plaintiff's Counsel via electronic service through the Pacer ECF's Filing System to the person(s) listed below on, March 22, 2024 at the address listed below. For the attorney, Anthony Klytta, not on the Pacer ECF Filing System, under penalties as provided by law, the undersigned certifies the Motion were tendered to the Plaintiff through Anthony Klytta on March 22, 2024, to the email listed below for Anthony Klytta: anthonymdk@yahoo.com and by the USPS Priority Mail, postage prepaid.

Anthony Klytta
The Law Offices of Klytta & Klytta, P.C.
1645 Birchwood Avenue
Des Plaines, IL 60018
anthonymdk@yahoo.com

Adrian Vuckovich
Collins Bargione & Vuckovich
1 N. LaSalle Street, #300
Chicago, IL 60602
Telephone: 312-372-7813
av@cb-law.com

Respectfully submitted,

s/*James J. Lessmeister*

James J. Lessmeister
Lessmeister & Samad PLLC
10 S. LaSalle St. Suite 2510
Chicago, IL 60603
Office: 312-929-2630
Cell: 312-351-4620
ARDC #6276625
jlessmeister@lessmeisterlaw.com
Office: 312-929-2630
Cell: 312-351-4620

*Attorney for Nikola Duric*